GEORGE F. HALL, Respondent, *v.* NEW YORK TELEPHONE COMPANY, Appellant.

Negligence — contributory negligence — in all actions by employees, against employers, to recover damages for negligence, contributory negligence is a defense to be pleaded and proved.

In every action brought by an employee or his personal representative to recover damages for negligence arising out of and in the course of the employment, contributory negligence of the injured employee is a defense to be pleaded and proved by the defendant. (Labor Law, § 202-a; Cons. Laws, ch. 31, amd. L. 1910, ch. 352.) The language is general and not restricted to actions under the Employers' Liability Act. (*Collelli* v. *Turner,* 215 N. Y. 675, distinguished.)

    *Hall* v. *N. Y. Telephone Co.,* 172 App. Div. 912, affirmed.

(Argued February 1, 1917; decided March 6, 1917.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 7, 1916, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John A. Delehanty* for appellant. The charge of the court wherein the burden of proving plaintiff's freedom from contributory negligence was imposed on the defendant constituted reversible error. (*Ives* v. *S. B. Ry. Co.,* 201 N. Y. 271; *O'Neil* v. *Karr,* 110 App. Div. 571; *Jackson* v. *Greene,* 201 N. Y. 78; *Hubbell* v. *P. P. Co.,* 160 App. Div. 356; *Quinlivan* v. *B., R. & P. R. Co.,* 52 App. Div. 1; *Ford* v. *Wanamaker,* 165 App. Div. 284; *Greene* v. *White,* 37 N. Y. 405; *People* v. *Helmer,* 154 N. Y. 596.)

*James McPhillips* and *C. E. Fitzgerald* for respondent. Section 202-a of the Labor Law applies to actions at common law as well as to actions under the Employers' Liability Act. (*Miller* v. *N. H. Cont. Co.*, 166 App. Div. 348; *Hubbell* v. *Pioneer Paper Co.*, 160 App. Div. 356; *Spaulding* v. *T. & C. Cordage Co.*, 13 Misc. Rep. 398; *Schradin* v. *N. Y. C. & H. R. R. R. Co.*, 124 App. Div. 705; 194 N. Y. 534; *O'Neil* v. *L. V. R. R. Co.*, 158 N. Y. Supp. 530; *Shovan* v. *Lozier Motor Co.*, 158 App. Div. 487; *Dobler* v. *Conron Bros. Co.*, 166 App. Div. 785; *Greif* v. *B., L. & R. Ry. Co.*, 205 N. Y. 239; *Sackheim* v. *Pigueron*, 215 N. Y. 74; *Dowd* v. *N. Y., O. & W. Ry. Co.*, 170 N. Y. 459.)

COLLIN, J. Under the record here a single question merits discussion. It is: Is section 202-a of the Labor Law (Cons. Laws, ch. 31, amd. L. 1910, ch. 352) applicable in an action at common law brought by an employee against his employer to recover damages for negligence arising out of and in the course of the employment. The language of the section is: " On the trial of any action brought by an employee or his personal representative to recover damages for negligence arising out of and in the course of such employment, contributory negligence of the injured employee shall be a defense to be so pleaded and proved by the defendant." The language is unmistakably clear and intelligible. We find nothing in its context or in its incorporation in the article of the Labor Law which relates to employers' liability which obscures or changes the legislative intention it directly and unequivocally expresses. Our decision in *Collelli* v. *Turner* (215 N. Y. 675) that section 202 of the Labor Law, relating to the assumption of risk, did not apply to actions at common law, was based upon the restrictive language of that section. The language of section 202a is general and means, as it says, that on the trial of any action of the prescribed character, contributory negligence of the injured employee.

shall be a defense to be so pleaded and proved by the defendant. The trial justice, therefore, did not err in charging that the burden of proving the plaintiff guilty of contributory negligence was upon the defendant.

The judgment should be affirmed, with costs.

Hiscock, Ch. J., Hogan, Cardozo, Pound, McLaughlin and Crane, JJ., concur.

Judgment affirmed.