Company entered into negotiations with one George Panagoulopoulos for the sale and delivery to him of 100,000 individual shelter half tents at two dollars each and that the defendant agreed to furnish the tents to the Kirschbaum Company for sale to Panagoulopoulos at one dollar and seventy-four cents each; that a *quasi* partnership or trust relation existed between the defendant and the Kirschbaum Company because the former had learned from the latter of its negotiations with Panagoulopoulos and that defendant in violation of its duty to the Kirschbaum Company as a co-adventurer opened negotiations with Panagoulopoulos which resulted in a contract between defendant and Panagoulopoulos, whereby the defendant furnished tents direct to Panagoulopoulos. The relief demanded is: That the defendant, the Hettrick Brothers Company, account to the plaintiff for all profits and advantages accrued or accruing to it over and above the sum of one dollar and seventy-four cents received or to be received by it for each individual tent sold and delivered by it to the said George Panagoulopoulos or for damages. (See 226 N. Y. 580.)

*Gilbert E. Roe* and *Alvin M. Higgins* for appellant.

*Benjamin G. Paskus, John E. Tracy* and *Sylvan Gotshal* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J.; HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: POUND, J.

---

WILLIAM J. CONNELLY, Respondent, *v.* MORSE DRY DOCK AND REPAIR COMPANY, Appellant, Impleaded with Another.

*Negligence — master and servant — action for injury from explosion arising through failure to drain oil tanks in ship upon which plaintiff was employed in making repairs.*

*Connelly* v. *Morse Dry Dock & Repair Co.*, 204 App. Div. 836, affirmed.

(Argued March 12, 1923; decided April 17, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial

department, entered November 3, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained through the negligence of defendant, his employer. Plaintiff, while at work on the repair of a vessel in defendant's dry dock, was injured through an explosion which occurred, as alleged, by reason of defendant's negligence in failing to properly drain certain oil tanks on the vessel before the commencement of repairs thereon.

*Charles J. McDermott* for appellant.

*Harold R. Medina, Jacquin Frank* and *David M. Fink* for respondent.

Judgment affirmed, with costs, on opinion in *Danielsen* v. *Morse Dry Dock & Repair Co.* (235 N. Y. 439.)

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: POUND, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT J. BLACKSTONE, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued March 13, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Bronx County Court, rendered June 30, 1922, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Louis C. Hartman, Joseph H. Hayes* and *Luke J. Le Rolle* for appellant.

*Edward J. Glennon, District Attorney* (*Albert Cohn* and *George B. DeLuca* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: POUND, J.