JOHN DANIELSEN, an Infant, by HANS A. DANIELSEN, His Guardian ad Litem, Respondent, *v.* MORSE DRY DOCK AND REPAIR COMPANY, Appellant.

Negligence — master and servant — maritime law — common law — action for injuries received by plaintiff while working on vessel being repaired in defendant's dry dock afloat in navigable waters — cause of action within jurisdiction of admiralty or common law as reserved by act of Congress — Workmen's Compensation Law not applicable.

1. Where plaintiff was injured by the negligence of defendant, his employer, while engaged in work upon a vessel being repaired in defendant's dry dock, afloat in navigable waters, the tort, or cause of action for the injury, is within the jurisdiction of admiralty and the common-law remedy, reserved to him by Congress (Judicial Code, §§ 24, 256), is unimpaired by local statutes. Hence, plaintiff is not required to seek redress under the Workmen's Compensation Law, but may bring a common-law action for damages. A workmen's compensation statute, not founded upon consent, but acting *in invitum*, will not displace the rights and remedies established by the law of the sea.

2. The burden of proving contributory negligence on the part of the plaintiff was upon the defendant and this is so whether we apply the maritime law or the law of the state. (*Grant-Smith-Porter Co.* v. *Rohde*, 257 U. S. 469, distinguished.)

*Danielson* v. *Morse Dry Dock & Repair Co.*, 202 App. Div. 812, affirmed.

(Argued March 12, 1923; decided April 17, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial

department, entered June 20, 1922, affirming a judgment in favor of plaintiff entered upon a verdict.

*Charles J. McDermott* for appellant.   The Workmen's Compensation Law of this state constitutes plaintiff's exclusive remedy and abrogates the right to recover damages in an admiralty court or court of common law, which would otherwise exist, and to deny the defendant the benefit of the provisions of the state statute deprives defendant of the equal protection of the law guaranteed by the United States Constitution.   (*Greenberg* v. *Schlager,* 229 N. Y. 120; *N. Y. C. R. R. Co.* v. *White,* 243 U. S. 188; *Mountain Timber Co.* v. *Washington,* 243 U. S. 219; *Shanahan* v. *Monarch Eng. Co.,* 219 N. Y. 469; *Barnhart* v. *Amer. Concrete Co.,* 227 N. Y. 531; *Proctor* v. *R. C. M. & C. Co.,* 205 N. Y. 508; *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205; *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149; *Western Fuel Co.* v. *Garcia,* 257 U. S. 233; *Grant-Smith-Porter Co.* v. *Rohde,* 257 U. S. 469; *Gallagher* v. *Netherlands S. N. Co.,* 282 Fed. Rep. 171.)   Even under the Labor Law, there is a vital distinction between the rules relating to assumption of risk and contributory negligence, and counsel for the defendant excepted to that part of the court's charge wherein the jury was instructed that the burden of proving contributory negligence and assumption of risk was upon the defendant.   (*Wiley* v. *Solvay Process Co.,* 215 N. Y. 584; *Bria* v. *W. C. K. & Co.,* 133 App. Div. 346; *Bank of State of New York* v. *Southern Nat. Bank,* 170 N. Y. 1; *Ives* v. *Ellis,* 169 N. Y. 85; *Orendorf* v. *N. Y. C. & H. R. R. R. Co.,* 119 App. Div. 638.)

*Harold R. Medina, Jacquin Frank* and *David M. Fink* for respondent.   As the accident occurred upon a vessel in navigable waters while the plaintiff was engaged in the execution of a maritime contract and in the performance of a maritime service, to wit, the repair of a

vessel as distinct from the construction of a vessel, the tort is clearly maritime and is governed exclusively by the maritime law. (*Southern Pacific Co.* v. *Jensen*, 244 U. S. 205; *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149; *Western Fuel Co.* v. *Garcia*, 257 U. S. 233; *Grant-Smith-Porter Co.* v. *Rohde*, 257 U. S. 469; *Gallagher* v. *Netherland S. N. Co.*, 282 Fed. Rep. 171; *State Industrial Commission* v. *Nordenholt*, 259 U. S. 567.) There was no error in the charge of the trial court as originally given on the subject of contributory negligence and assumption of risk. The charge as modified at the request of counsel for both sides, however, clearly eliminates the question from the case. (*Southern Pacific Co.* v. *Jensen*, 244 U. S. 205; *Chelentis* v. *Luckenbach S. S. Co.*, 247 U. S. 372; *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149; *Kennedy* v. *Cunard Steamship Co.*, 197 App. Div. 459; *Port of New York Stevedoring Corp.* v. *Castagna*, 280 Fed. Rep. 618; *Wilks* v. *United M. C. Co.*, 199 App. Div. 788; *Hall* v. *N. Y. Tel. Co.*, 220 N. Y. 299.)

CARDOZO, J.  On November 18, 1920, the vessel *Norman Bridge* was undergoing repairs in the defendant's drydock, afloat in navigable waters. The plaintiff, who was employed by the defendant as a burner, was sent aboard the vessel to burn the bolts and metal plates. While so engaged, he suffered injuries, which have been found by the jury to be due to the defendant's negligence. The unanimous affirmance at the Appellate Division requires us to presume that the evidence sustains the verdict (Constitution, art. VI, § 9; Civil Practice Act, § 589, subd. 3). The plaintiff asserts that the tort is within the jurisdiction of the admiralty, and that the common-law remedy, reserved to him by Congress (Judicial Code, §§ 24, 256), is unimpaired by local statutes. The defendant asserts that the nature of the employment and the *locus* of the wrong are such that the Workmen's Compensation Law may be applied with-

out impairing the uniformity of the maritime law, and hence that the remedy under the statute must be held to be exclusive.

The jurisdiction of admiralty over contracts is governed by the nature of the transaction. The jurisdiction of admiralty over torts is governed by locality (*Grant-Smith-Porter Co.* v. *Rohde*, 257 U. S. 469, 476; *State Industrial Comm.* v. *Nordenholt*, 259 U. S. 567). This action being in tort, the plaintiff brings his case within the maritime law if he satisfies one of the two tests of jurisdiction, the test of locality. He goes farther, however, and satisfies them both. A contract for the repair of a ship, as distinguished from one for its construction, is a maritime contract (*The Robert W. Parsons*, 191 U. S. 17; *Thames Towboat Co.* v. *The Schooner Francis McDonald*, 254 U. S. 242). A vessel in a drydock, which is afloat in navigable waters, is itself in those waters as truly as if moored to a wharf or beside a pier (*The Jefferson*, 215 U. S. 130, 142, 143; *The Robert W. Parsons*, 191 U. S. 17, 33; *The Anglo-Patagonian*, 235 Fed. Rep. 92). There is a concurrence of the two elements of maritime jurisdiction. A workmen's compensation statute, not founded upon consent, but acting *in invitum*, will not displace the rights and remedies established by the law of the sea (*Southern Pacific Co.* v. *Jensen*, 244 U. S. 205; *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149; *State Industrial Commission* v. *Nordenholt, supra; Matter of Red Cross Line* v. *Atlantic Fruit Co.*, 233 N. Y. 373).

The judgment of the Supreme Court in *Grant-Smith-Porter Co.* v. *Rohde* (257 U. S. 469) is pressed upon us as supporting a different rule, and limiting materially the scope of earlier judgments. We cannot give it that effect. A choice was there involved between the application of the maritime law and that of the Workmen's Compensation Act of Oregon. The injured man was not engaged in the rendition of a maritime service. He was engaged in the construction of a new ship, not in

the repair of an old one (257 U. S. at p. 476). The Oregon statute is not compulsory, but is founded upon election; and employer and employee had elected to submit to its provisions (257 U. S. at pp. 474, 476). The Supreme Court held that admiralty had jurisdiction of the tort since the workman was injured while in navigable waters. It held, however, that in the special conditions there presented the uniformity of the maritime law would not be substantially impaired by upholding a contract for the acceptance of another remedy. " The parties contracted with reference to the state statutes," and " their rights and liabilities had no direct relation to navigation " (257 U. S. at p. 477).

Two elements of distinction were thus relied upon as justifying an exception to the general rule. Neither of those elements is present in the case at bar. The service here was maritime. The remedy under the New York statute unlike the remedy under the Oregon one (if we exclude from consideration a recent amendment, § 113, as amended by L. 1922, ch. 615) is independent of agreement (*Matter of Smith* v. *Heine Boiler Co.*, 224 N. Y. 9, 11). We think the decision in *Grant-Smith-Porter Co.* v. *Rohde* (*supra*) is to be limited to the same or kindred situations. It does not mean that the court in every case is to weigh the comparative merits of uniformity and diversity, and decide for or against the statute as the balance may incline to one side or the other. That would be to introduce an element of uncertainty, productive of litigation and hardship almost without limit. Neither workman nor employer would know his rights and remedies until the final word had been spoken by the last appellate court. Too often the Statute of Limitations would then bar the substitution of the right choice for the wrong one. We find no distinction between the plaintiff's situation and that of Jensen and Stewart, longshoremen working on a vessel, who were held within the protection of the maritime law (244 U. S. 205; 253

id. 149). The supremacy of that law, overriding the local statute, gave a remedy there. It gives, and for like reasons, a remedy here.

Since this action was tried, Congress has passed the act of June 10, 1922, amending sections 24 and 256 of the Judicial Code. Whether these amendments have obviated the difficulties considered in *Knickerbocker Ice Co.* v. *Stewart* (*supra*) and are effective to give a remedy under the Workmen's Compensation Acts to claimants other than the master or members of the crew when injured on a vessel in navigable waters, is a question not before us.

Other objections urged by the defendant can be briefly answered.

The burden of proving contributory negligence was on the defendant. This is so whether we apply the maritime law (*Central Vermont R. R. Co.* v. *White*, 238 U. S. 507, 512; *Inland & Seaboard Coasting Co.* v. *Tolson*, 139 U. S. 551, 557) or the law of the state (Labor Law, § 202-a; *Hall* v. *N. Y. Telephone Co.*, 220 N. Y. 299).

There was some confusion in the definition of assumption of risk. We may doubt whether the inaccuracy was adequately pointed out by exception. If the defendant has the benefit of the doubt, the error is one that cannot fairly be held to have affected the result (Civil Practice Act, § 105).

The judgment should be affirmed with costs.

HISCOCK, Ch. J., HOGAN, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; POUND, J., absent.

Judgment affirmed, etc.