NICHOLAS JOHN CAMPANILE, an Infant, by PAUL CAMPANILE, His Guardian ad Litem, Appellant, v. MORSE DRY DOCK AND REPAIR COMPANY, Respondent.

PAUL CAMPANILE, Appellant, v. MORSE DRY DOCK AND REPAIR COMPANY, Respondent.

Second Department, May 4, 1923.

Ships and shipping — action for injuries suffered while working on dry dock in navigable waters engaged in repairing ship — accident did not occur on land — maritime law governs — Workmen's Compensation Law not applicable.

Where an employee is injured while engaged under a maritime contract in the repair of a ship which is in a dry dock afloat in navigable waters, and the injury is suffered while the employee is actually on the dry dock and not on the ship, the rights of the parties are determinable by action at law or in admiralty and are not subjected to the Workmen's Compensation Law.

APPEAL by the respective plaintiffs in the above-entitled actions from a judgment of the Supreme Court in favor of the defendant,

entered in each action in the office of the clerk of the county of Kings on the 13th day of October, 1922, upon the dismissal of the complaints by direction of the court upon the opening of counsel for plaintiffs, the actions having been tried together.

*Jacquin Frank* [*David M. Fink* with him on the brief], for the appellants.

*Charles J. McDermott,* for the respondent.

KAPPER, J.:

These are concurrent actions for the same alleged wrong, the infant's for personal injuries, and the adult's, the infant's father, for loss of services.

The defendant is engaged in the business of ship repair. The infant plaintiff was an employee of the defendant. Defendant has a dry dock attached to the land which constitutes its yard. This dry dock was raised and lowered as necessity required for the purpose of doing work on any ship that might require repair at the hands of the defendant. Such a ship was in said dry dock on January 8, 1920. The infant plaintiff was working on the dry dock, but was not upon the ship itself. He was working " between the ship and the blocks on the side which held it." Some of the ship's plates attached to the hull were being replaced; and as these plates were removed from the ship, they were hauled on and over the dry dock to the land with the aid of a winch that was located on the land. In the work of so removing one of such plates which was about twenty feet in length and about four and one-half feet in width, the end of the plate in some manner caught on one of the stringers of the dry dock and suddenly becoming loosened struck the said infant and severely injured him.

All of the facts as above enumerated were conceded. They were set forth in the plaintiffs' opening, at the close of which and on motion of defendant's counsel that the infant plaintiff " was working on a dry dock, which I claim is part of the land and which is an extension of the land, by reason of something which arose partly on account of the operation of a winch which was admittedly not on the dry dock but on the land," the learned trial justice dismissed the complaints, and from the judgments entered upon such dismissal the plaintiffs appeal.

The numerous cases brought in the courts of this State since the rulings of the United States Supreme Court in *Southern Pacific Co.* v. *Jensen* (244 U. S. 205); *Clyde S. S. Co.* v. *Walker* (Id. 255), and *Knickerbocker Ice Co.* v. *Stewart* (253 id. 149), denied the right

of the State to impose its Workmen's Compensation Law in cases of maritime torts, have given rise to many perplexities in the effort to determine when the maritime laws applied, and when the rights of the parties are governed by the exclusive jurisdiction of the State Industrial Board upon whom devolves the administration of such compensation laws. It is now definitely adjudicated that the locality test controls so that, when it appears that the accident occurred on *land* and not upon a *ship or vessel*, and the State has provided a scheme of compensation for the injury exclusive of all other legal remedy against the employer, admiralty will not impose its jurisdiction but will remit the party hurt to such exclusive remedy. (*Industrial Commission* v. *Nordenholt Corporation*, 259 U. S. 263.) And this is the law even though the injured party when hurt was on a dock helping to unload a vessel lying in navigable waters and which at the time was engaged in navigation and commerce. (*Nordenholt Case, supra*.)

If this were a case of first impression I should have inclined to the view that these actions could not be maintained as the accident occurred on a structure which the Federal courts repeatedly have regarded as land or as an extension of land, and not as a vessel to which admiralty jurisdiction or the maritime law attached. (*Cope* v. *Vallette Dry Dock Co.*, 119 U. S. 625; *The Robert W. Parsons*, 191 id. 17, 34; *The Warfield*, 120 Fed. Rep. 847; *Snyder* v. *A Floating Dry Dock*, 22 id. 685; *The Professor Morse*, 23 id. 803; *Berton* v. *Tietjen & Lang Dry Dock Co.*, 219 id. 763.) But the recent case of *Danielsen* v. *Morse Dry Dock & Repair Co.* (235 N. Y. 439) holds that a vessel in a dry dock where the latter is afloat in navigable waters and on which vessel a workman is injured, meets the locality test; that the maritime law applies, and that the tort is not subject to the application of the Workmen's Compensation Law. It is conceded at bar that the contract in the performance of which the infant plaintiff was engaged was a maritime contract. Of course, that fact alone would be unavailing to the plaintiffs for the purpose of excluding the jurisdiction of the State Industrial Board. It requires the additional factor, the locality test. That, we feel constrained to hold, has been met here, in the light of the ruling in the *Danielsen Case (supra)*. True, the infant plaintiff here was not upon the vessel itself, but his work had to do with the repair of the vessel. The spot at which he was injured was between the keel of the vessel and the blocks placed to the side of it to hold it while in the dry dock. In the circumstances shown we think the line of demarcation had to be a point beyond the dry dock and on the land itself; that as the infant plaintiff was hurt on the dry dock which while afloat in navigable waters was

sustaining the ship brought there for purposes of reconditioning and repair the rights of the plaintiffs are determinable by action at law or in admiralty and are not subjected to the Workmen's Compensation Law of the State. This we hold upon the authority of the *Danielsen Case* (*supra*).

The judgments should be reversed upon the law and a new trial granted, with costs to the appellants to abide the event.

In the first case: JAYCOX and KELBY, JJ., concur; KELLY, P. J., and YOUNG, J., concur in the result, being also of opinion that the plaintiff at the time of the injury was upon navigable water; and also that it was error to grant the motion for a nonsuit upon the complaint and the opening of plaintiff's counsel without evidence as to the character of the structure itself, or its use or capabilities.

In the second case: JAYCOX and KELBY, JJ., concur; KELLY, P. J., and YOUNG, J., concur in the result.

In each case: Judgment reversed upon the law and new trial granted, with costs to appellant to abide the event.