TRAVELERS INSURANCE COMPANY, Plaintiff, *v.* POST & McCORD, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, January 31, 1927.

Workmen's compensation — action by insurance carrier, under Workmen's Compensation Law, § 29, to recover from third party money paid to State Treasurer pursuant to § 15, subds. 8 and 9 — employee of plaintiff's insured died as result of injuries suffered through negligence of defendant — defendant compromised claim with employee's administratrices and took general release — general release not bar to cause of action — § 15, subds. 8 and 9, and § 29, are constitutional.

An action by the plaintiff, an insurance carrier, under section 29 of the Workmen's Compensation Law, to recover from defendant, who caused the death by negligence of an employee of plaintiff's insured, the amount of money directed by an order of the State Industrial Board to be paid to the State Treasurer pursuant to subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law, the dependents of the decedent having failed to file a claim within one year as required by section 28 of the Workmen's Compensation Law, and there being no person surviving to whom the award could be made, is not barred by reason of the fact that within twenty days after said employee's death his duly appointed administratrices compromised the death claim against the defendant and delivered to said defendant a general release signed by them, individually, and as administratrices. The cause of action created by section 29 of the Workmen's Compensation Law is a new cause of action separate and distinct from the right of action given to decedent's administratrices under the Decedent Estate Law.

Subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law, pursuant to which the plaintiff made payments to the State Treasurer, are constitutional.

Section 29 of the Workmen's Compensation Law does not contravene section 6 of article 1 of the State Constitution and the corresponding provision of the Federal Constitution, in that it deprives defendant of its property without due process of law, for it simply creates a cause of action in favor of the employer or the insurance carrier and raises a presumption that the third party responsible for the death or injury of the employee of another shall reimburse the employer or insurance carrier; it neither bars nor does it purport to bar any defense that such wrongdoer may have. Under the statute, such third party may contend that the payment was not legally made.

ACTION by insurance carrier, under section 29 of the Workmen's Compensation Law, to recover from a third party, who caused the death by negligence of an employee of the insured, the amount of awards paid to the State Treasurer, pursuant to subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law.

*William J. Moran* [*George A. Garvey* of counsel], for the plaintiff.

*Grattan B. Shults* [*Evans, Hunt, Rees & Hanley; Harold V. Angevine* of counsel], for the defendant.

GENUNG, J. The facts in this case are conceded. It appears that one Corcoran, while in the employ of Charles T. Wills, Inc., was injured on October 2, 1922, through the negligence of the defendant. As a result of such injuries said Corcoran died on October 5, 1922. Corcoran, at the time of his death, was a widower leaving him surviving five children all under the age of eighteen, who were all dependent upon him for support. At the time of his death he was receiving from Charles T. Wills, Inc., a weekly wage of $28.85. His employer carried with the plaintiff a " workmen's compensation " policy which covered said decedent and which was in full force and effect at the time of the accident and death. The Industrial Board of the State was duly notified of such accident and death, but no claim for compensation was filed by or on behalf of said children; nor was any formal notice of election to pursue their remedy against the defendant. Instead, the two sisters-in-law of the decedent were duly appointed administratrices on October 23, 1922, and on October 25, 1922, such administratrices pursuant to an order and approval of the Surrogate's Court, Bronx county, compromised the death claim against defendant for the sum of $25,000, and delivered to defendant a general release signed by them individually and as such administratrices. The $25,000 paid by defendant to such administratrices exceeded the amount of compensation that would have been payable to the children under the Workmen's Compensation Law. On May 9, 1923, the defendant notified the State Industrial Board of all the facts and on December 5, 1923, more than one year after the death, the State Industrial Board awarded to the

State Treasurer the sum of $500 in accordance with subdivision 8 of section 15 of the Workmen's Compensation Law, and $500 in accordance with subdivision 9 of section 15 of the Workmen's Compensation Law (Consol. Laws, chap. 67), such awards being against the plaintiff as insurance carrier for decedent's employer. The plaintiff appealed from such award, but subsequently withdrew its appeal and on June 23, 1924, the plaintiff paid the awards, with interest, to the State Treasurer, and now seeks to recover of the defendant the amount of such awards basing its claim upon section 29 of the Workmen's Compensation Law.

The defendant claims (1) that section 29 of the Workmen's Compensation Law contravenes section 6 of article 1 of the State Constitution and the corresponding provisions of the Federal Constitution in that it is being deprived of its property without due process of law; (2) that the general release given defendant by the administratrices is a bar to this action; and (3) that the plaintiff failed to properly contest the award before the State Industrial Board.

Subdivision 8 of section 15 of the Workmen's Compensation Law provides for a special fund created as follows: " The insurance carrier shall pay to the state treasurer for every case of injury causing death in which there are no persons entitled to compensation the sum of five hundred dollars."

Subdivision 9 of section 15 provides for a fund created in like manner and section 29 provides that in case of payment of such awards " such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment * * *."

While the particular question involved in this case does not seem to have been heretofore raised, the general scheme of the law has been upheld (*Matter of Jensen* v. *Southern Pac. Co.*, 215 N. Y. 514; revd., *sub nom. Southern Pacific Co.* v. *Jensen*, 244 U. S. 205; *Matter of White* v. *New York Central & H. R. R. R. Co.*, 216 N. Y. 653; affd., *sub nom. New York Central R. R. Co.* v. *White*, 243 U. S. 188) and every reasonable presumption is in favor of the validity of the statute. (*Louisville* v. *Cumberland Telephone & Telegraph Co.*, 225 U. S. 430; *Matter of Seeley* v. *Stevens*, 190 N. Y. 158.) The creation of these special funds has also been upheld. (*Sheehan Co.* v. *Shuler*, 265 U. S. 371; *N. Y. State Railways* v. *Shuler*, Id. 379.) Hence, the constitutional issue narrows down to the question as to whether the Legislature had the power to give to the employer or insurance carrier a cause of action over against the wrongdoer. It is well settled that the Legislature may create a liability unknown at common law, provided, that in so doing it does

not violate legal fundamentals. (*Volans* v. *Owen*, 74 N. Y. 526; *Rhodes* v. *Sperry, etc., Co.*, 193 id. 223.)

Section 29 of the Workmen's Compensation Law created a new cause of action, separate and distinct from that created by the Decedent Estate Law. It provides that in case of election of a decedent's dependents to take compensation under the Workmen's Compensation Law the payment of compensation operates as an assignment of the cause of action against the wrongdoer. It then further provides that in the event that an award is made to the State Treasurer in accordance with section 15 of the law, the employer or insurance carrier has a right of action " in addition to any cause of action by the legal representatives of the deceased." The fact that the wrongdoer may have compromised with the decedent's dependents so that the dependents do not elect to take under the Workmen's Compensation Law, does not release the wrongdoer from this other cause of action given by the statute. When the statute (§ 15, subds. 8 and 9) says that the award to the State Treasurer shall be made when " there are no persons entitled to compensation " it must mean no persons entitled *under the provisions of the law* to compensation. In this case, while there were dependents who might have been entitled to compensation, the fact is that because of their failure to file the claim for compensation and by compromising the claim with the wrongdoer, they were not " entitled " to compensation under the Workmen's Compensation Law. The statute specifically limits the right to compensation and provides that such right is barred " unless   *   *   *   within one year after such death, a claim for compensation shall be filed with the commission   *   *   * " (Workmen's Compensation Law, § 28), and it has been held that the failure of a mother to file a claim for compensation on behalf of the children within the time limited by the section is fatal to the right to claim an award. (*Grillo* v. *Sherman-Stalter Co.*, 195 App. Div. 362; affd., 231 N. Y. 621.) As the Court of Appeals said in *Matter of State Treasurer* v. *West Side Trucking Co.* (233 N. Y. 202): " By this enactment it is apparent the legislature intended in every case of injury causing death, in which there is no person surviving to whom an award can be made, that there shall be paid to the State Treasurer the amount specified," and the court shows that the phrase " to whom an award can be made " means a person who was entitled to make the claim and had made the claim within the time specified by the statute; and the court further holds that if the claim is not filed within one year, the claim is forever barred.

The further contention of the defendant that it is being deprived of its property without due process of law because they are deprived

of any possible defense, is untenable. While it is true that the statute gives to the employer or insurance carrier a cause of action over against the wrongdoer, the statute does not say, and should not be interpreted to mean, that such wrongdoer is deprived of any defense that he may have. The statute simply creates a cause of action and raises a presumption that the wrongdoer should reimburse the employer or insurance carrier, but it does not bar, and does not purport to bar, any defense that such wrongdoer may have, and under the statute such third party could contend that the payment was not legally made. In fact, in this case that is the contention of the defendant. While proof of the compensation paid may be *prima facie* evidence, the defendant may overcome that by showing that it is unreasonable, or not paid or approved in accordance with the Compensation Act (*Grand Rapids Lumber Co.* v. *Blair*, 190 Mich. 518; 157 N. W. 29); and this is true, although the statute contains no provision for notice permitting one liable to be held as indemnitor to be heard.

The defendant's further contention that the general release from the administratrices to the defendant barred this cause of action is likewise without force for this cause of action is independent of the right of action given to the administratrices of the decedent's estate, and, of course, there is nothing before the court to show that the plaintiff failed to properly contest the award before the State Industrial Board. It appears that it was contested and an appeal taken, and while the plaintiff subsequently withdrew his appeal there is nothing to show that, as a matter of law, the plaintiff should not have withdrawn the appeal.

Judgment is, therefore, rendered in favor of the plaintiff.