TRAVELERS INSURANCE COMPANY, Plaintiff, *v.* STATEN ISLAND RAPID TRANSIT RAILWAY COMPANY, Defendant.

TRAVELERS INSURANCE COMPANY, Plaintiff, *v.* STATEN ISLAND RAPID TRANSIT RAILWAY COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, April 20, 1929.

*William J. Moran* [*William J. McWilliams* of counsel], for the plaintiff.

*Cravath, deGersdorff, Swaine & Wood* [*Gardner Prime* of counsel], for the defendant.

GENUNG, J.  These two actions were tried together, trial by a jury having been waived.  In each action the plaintiff, an insurance carrier, seeks to recover from the defendant, a third party, alleged to have negligently caused the death of employees of the assured, the amount of the award paid to the State Treasurer, as provided in the Workmen's Compensation Law (§ 15, subds. 8, 9, § 29.)

It appears that on October 26, 1926, one Krause, as chauffeur, and one Reilly, as helper, were in the employ of Weil Bros., Inc., which had obtained compensation insurance from the plaintiff. At about five-fifteen P. M. of that day, while on a truck of Weil Bros., Inc., driven by Krause, and proceeding over a grade crossing of defendant's railway on Cromwell avenue, Dongan Hills, S. I., both Krause and Reilly were killed as a result of a collision between the truck and an electric train operated by defendant.  Krause left him surviving a widow and six children.  His widow, as the administratrix of the estate, filed with the Industrial Commissioner a notice of her election to pursue her remedy against the defendant rather than take compensation, and commenced an action against the defendant, which was settled in March, 1927, by the payment of the sum of $25,000.  This sum exceeded the amount of compensation to which the widow and children would be entitled under the Workmen's Compensation Law, and on October 17, 1927, the State Industrial Board made an award against Weil Bros., Inc., and the plaintiff in favor of the State Treasurer, in the sum of $1,000, pursuant to the Workmen's Compensation Law (§ 15, subds. 8, 9).  Reilly left him surviving a widow, but no children. His widow filed with the Industrial Board notice of her election to pursue her remedy against the defendant rather than take compensation, and commenced an action against the defendant which was settled in March, 1927, by the payment of the sum of $10,000.  This sum exceeded the amount of compensation to which the widow would be entitled under the Workmen's Compensation Law, and on October 31, 1927, the State Industrial Commission made an award against Weil Bros., Inc., and the plaintiff in favor of the State Treasurer in the sum of $1,000, pursuant to the Workmen's Compensation Law, *supra*.  The plaintiff, having made these payments to the State Treasurer, seeks the recovery thereof from the defendant.

In each action the defendant claims that the Workmen's Compensation Law (§ 29) is unconstitutional; that the awards made under the Workmen's Compensation Law (§ 15) were invalid; that the defendant was not negligent in the operation of the train, and that the deceased were guilty of contributory negligence.

The question as to the constitutionality of the said section 29

of the Workmen's Compensation Law has been previously decided and its validity has been upheld. (*Travelers Insurance Co. v. Post & McCord*, 128 Misc. 626; *Phœnix Indemnity Co. v. Staten Island Rapid Transit Railway Co.*, 224 App. Div. 346.)

The question as to the validity of the awards, made under the said section 15, subdivisions 8 and 9, of the Workmen's Compensation Law, is no longer open to review here. (*Travelers Insurance Co. v. Post & McCord, supra; Phœnix Indemnity Co. v. Staten Island Rapid Transit Railway Co., supra; Matter of McNamara v. New York State Railways*, 233 N. Y. 681; affd., *sub nom. New York State Railways v. Shuler*, 265 U. S. 379; *Matter of Treasurer of the State of New York v. Niagara Falls Power Co.*, 241 N. Y. 521; *Matter of State Treasurer v. West Side Trucking Co.*, 233 id. 202; *Matter of Zirpola v. Casselman, Inc.*, 237 id. 367.)

The questions, therefore, to be determined are, whether the defendant was negligent in the operation of the train, and whether the deceased employees of the assured were guilty of contributory negligence.

Eye-witnesses of the accident were produced by plaintiff and defendant and a survey and photographs were offered in evidence without objection. There were sharp conflicts of testimony both on the question of negligence of the defendant and contributory negligence of the deceased. While there is evidence from which a jury might find a verdict in favor of the plaintiff (*Shapiro v. New York Central R. R. Co.*, 239 N. Y. 577; *Chamberlain v. Lehigh Valley R. R. Co.*, 238 id. 233; *Carr v. Pennsylvania R. R. Co.*, 225 id. 44), nevertheless, the greater weight of credible testimony requires a finding in favor of the defendant. (*Vandewater v. N. Y. & N. E. R. R. Co.*, 135 N. Y. 583; *Baker v. Lehigh Valley R. R. Co.*, 248 id. 131; *Foley v. N. Y. C. & H. R. R. R. Co.*, 197 id. 430; *Horton v. New York Central R. R. Company*, 237 id. 38.)

As to the contributory negligence of the deceased employees of the assured, the burden of proof was on the defendant. The Workmen's Compensation Law (§ 29) created a new cause of action, separate and distinct from that created by the Decedent Estate Law (§ 131, as added by Laws of 1920, chap. 919). The cause of action necessarily arises out of or because of a death caused by the negligence of the defendant. It is not necessary that the action be one brought by the executor, administrator or other representative of the deceased in order to require the defendant to establish the contributory negligence of the deceased. (Civ. Prac. Act, § 265; *Hall v. New York Telephone Co.*, 220 N. Y. 299.) There is testimony that the truck was proceeding

at about fifteen to eighteen miles an hour along Cromwell avenue, and that it slowed down to a speed of four or five miles an hour when it reached a point about fifty or sixty feet west of the crossing, and then proceeded to cross over, going slowly. Even assuming the truth of this testimony, offered on behalf of the plaintiff, it would seem to have been possible for Krause and Reilly, in the exercise of due care, to have avoided the collision. Reilly, although a helper, was riding on the front seat and was under an obligation to exercise reasonable care, and his failure to do so, which is clearly implied from the evidence, precludes any recovery on the theory that he did not contribute to his own death. (*LaGoy* v. *Director-General of Railroads*, 231 N. Y. 191.) The recent decision of the Supreme Court of the United States (*Baltimore & Ohio R. R. Co.* v. *Goodman*, 275 U. S. 66) is cited, but evidently it is not followed by the courts of New York. The questions as to the negligence of defendant, and contributory negligence of deceased, if not established as a matter of law, are questions of fact to be determined by the jury. (*Swart* v. *N. Y. C. & H. R. R. R. Co.*, 177 N. Y. 529; *Cassidy* v. *Fonda, Johnstown & Gloversville R. R. Co.*, 234 id. 599; *Behrens* v. *N. Y. C. R. R. Co.*, 218 App. Div. 446; *Raymer* v. *Rutland Railroad Co.*, 204 id. 135; *Volosko* v. *Interurban St. R. Co.*, 190 N. Y. 206.)

It follows, therefore, that in each action the defendant is entitled to judgment dismissing the complaint on the merits. Ten days' stay of execution.