AMERICAN LIFE INSURANCE CO. v. BALMER.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—JUDG-
   MENT—AN AWARD MAY NOT BE ATTACKED IN SUIT IN EQUITY
   IN ABSENCE OF FRAUD.

   Where a writ of certiorari to review an award by the department of labor and industry under the workmen's compensation act was denied upon its merits, and a motion for rehearing on the additional ground that the statute infringes both the Federal and State Constitutions was likewise denied on its merits, a suit to enjoin enforcement of the award may not be maintained; the proceedings under the act being *res adjudicata*, and not open to collateral attack in a suit in equity, in the absence of fraud.

2. SAME—AWARD MAY BE SET ASIDE FOR FRAUD.

   An award by the department of labor and industry under the workmen's compensation act may be set aside for fraud.

3. SAME—CONSTITUTIONAL LAW—DEPARTMENT OF LABOR AND IN-
   DUSTRY NOT GIVEN JUDICIAL POWERS.

   An objection that the workmen's compensation act is unconstitutional, in that it confers judicial power upon the

---

[1]Workmen's Compensation Acts, C. J. §§ 115 (Anno), 148 (Anno); [2]Id., C. J. § 115 (Anno); [3]Id., C. J. § 22.

department of labor and industry, is not well founded; said body being a ministerial and administrative one with incidental *quasi*-judicial powers, exercised by consent of those electing to be governed by the act, and not vested with powers or duties in violation of constitutional limitations.

4. Same—Due Process—Day in Court.

That the Supreme Court, in denying plaintiff's petition for a writ of certiorari to review an award by the department of labor and industry under the workmen's compensation act, disposed of the case on plaintiff's own showing, without hearing the other side, does not deprive the proceedings of their judicial character; there being no failure of due process, and plaintiff having had its day in court.

5. Same — Estoppel — Acceptance of Act Estops Denial of Validity.

An employer, by accepting the benefits of the workmen's compensation act, is estopped to deny its validity.

6. Same—Acceptance Includes All Employees.

An employer, by accepting the provisions of the workmen's compensation act, as amended (Comp. Laws Supp. 1922, § 5428), includes all its employees in all of its business, as provided in the act, and it may not limit its liability by filing with its acceptance a statement of the number of its employees and their place and character of employment on a blank provided by the department.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted April 13, 1927.     (Docket No. 96.)     Decided June 6, 1927.

Bill by the American Life Insurance Company against Harriet Balmer to enjoin the enforcement of an award under the workmen's compensation act. From a decree dismissing the bill, plaintiff appeals. Affirmed.

[4]Workmen's Compensation Acts, C. J. § 13 (Anno); [5]Constitutional Law, 12 C. J. § 190; Workmen's Compensation Acts, C. J. § 26 (Anno); 28 R. C. L. 744; [6]Workmen's Compensation Acts, C. J. §§ 44 (Anno), 45 (Anno).

*Fred H. Aldrich* and *George E. Leonard,* for plaintiff.

*Thomas, Shields & Silsbee (Clayton F. Jennings,* of counsel), for defendant.

On April 18, 1922, the plaintiff filed with the department of labor and industry its acceptance of the provisions of the workmen's compensation act. The language of the acceptance was as follows:

"Department of Labor and Industry,
    Lansing, Mich.

"Take notice that the undersigned employer of labor in Michigan accepts the provisions of Act No. 10 of Public Acts, First Extra Session, 1912, for all the employees and all the business of said employer to which the Michigan workmen's compensation law may legally apply."

This was followed by a statement of the approximate number of employees (50), their place of employment as 408 West Fort street, Detroit, the nature of their employment to be office employees, that it would carry its own risk, and other formal matters. The application was approved by the department. In 1924 the plaintiff maintained an office in Lansing; when it was established does not appear. William J. Balmer was one of its agents connected with the Lansing office. On November 10, 1924, he met his death in an accident. Defendant is his widow and applied for compensation as dependent under the provisions of the act. A hearing was had before Deputy Commissioner Ravens. Plaintiff appeared by its attorney and denied liability, principally on the ground that deceased was an independent contractor. Compensation was awarded, and the award affirmed by the commission on appeal. Plaintiff, acting under the provisions of section 5465, 2 Comp. Laws 1915, and conceiving itself aggrieved, applied to this court for a writ of certiorari, accompanying such application with

an elaborate brief on the question of who is an independent contractor. In so doing it followed the usual practice in this court. This court likewise followed the usual practice. While under various statutes a single Justice of the court is authorized to perform certain acts, *i. e.*, admit to bail, allow writs of certiorari, allow appeals, extend time, it is the uniform practice of this court to consider such application *en banc*. Following such practice, this court considered plaintiff's application *en banc* and denied it upon its merits but without opinion. Some time later plaintiff applied for a rehearing, alleging, as an additional reason, that the act infringes both the Federal and State Constitutions. This was the first time the constitutional question was raised. This application was likewise considered by this court and denied on its merits. Thereupon this bill was filed to restrain defendant from enforcing the award of the commission upon the ground that the act was invalid and the award without support in law or in fact. From a decree dismissing the bill, plaintiff appeals.

FELLOWS, J. (*after stating the facts*). There is much force in defendant's contention that the proceedings under the workmen's compensation act are *res adjudicata* and may not be collaterally attacked as is sought to be done in the instant case. In *Lumbermen's Mutual Casualty Co.* v. *Bissell*, 220 Mich. 352 (28 A. L. R. 874), this court held that the doctrine of *res adjudicata* was applicable to the award of the (then) board like the award of arbitrators as well as to judgments and decrees in judicial proceedings. Such award like awards of arbitrators may be set aside for fraud. *Smith* v. *Port Huron Gas & Electric Co.*, 217 Mich. 519. But there is no fraud alleged here. If the doctrine of *res adjudicata* is applicable, and we think it is, it is difficult to perceive what jurisdiction a court of equity has, in the absence of fraud,

to weigh and consider the sufficiency of the evidence taken in that proceeding, and then determine whether the commission correctly applied the applicable law to the facts found. But we have again read the testimony taken before the deputy commissioner, and reach the same conclusion we did when we originally decided the matter that there was testimony in the case supporting the findings of the commission and that the commission correctly applied the law; in other words there was testimony that deceased was an employee of plaintiff and that his accidental death arose out of and in the course of his employment.

Passing the fact that the constitutional question was not raised until the application was made for a rehearing and is here raised collaterally, we are persuaded that it is not well founded. In *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich. 8, this court had before it the constitutionality of the act. In that case, as here, it was urged that judicial power was given the board. After considering the question at length, it was said:

"We conclude that the industrial accident board is a ministerial and administrative body with incidental *quasi*-judicial powers, exercised by consent of those electing to be governed by the act, not vested with powers or duties in violation of constitutional limitations."

While the act of this State has not been before the United States Supreme Court, that court has overruled objections on constitutional grounds to similar acts of our sister States. *Jeffrey Manfg. Co.* v. *Blagg* (Ohio), 235 U. S. 571 (35 Sup. Ct. 167); *New York Cent. R. Co.* v. *White* (N. Y.), 243 U. S. 188 (37 Sup. Ct. 247, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629); *Hawkins* v. *Bleakly* (Iowa), 243 U. S. 210 (37 Sup. Ct. 255, Ann. Cas. 1917D, 637); *Arizona Employers' Liability Cases* (Ariz.), 250 U. S. 400 (39 Sup. Ct. 553, 6 A. L. R. 1537); *Middleton* v. *Texas Power &*

*Light Co.* (Texas), 249 U. S. 152 (39 Sup. Ct. 227) ; *Cudahy Packing Co.* v. *Parramore* (Utah), 263 U. S. 418 (44 Sup. Ct. 153, 30 A. L. R. 532) ; *Madera Sugar Pine Co.* v. *Industrial Accident Commission* (Cal.), 262 U. S. 499 (43 Sup. Ct. 604) ; *Mountain Timber Co.* v. *Washington* (Wash.), 243 U. S. 219 (37 Sup. Ct. 260, Ann. Cas. 1917D, 642).

There has been no failure of due process. Plaintiff has had its day in court. It has submitted to this court on its application for a writ of certiorari all its claims requiring judicial determination, and this court has judicially determined that its claims were without merit. It has been heard upon all its claims requiring judicial consideration by this court, the court of last resort in the judicial system of the State. The fact that we disposed of the case on plaintiff's own showing without hearing the other side does not deprive the proceedings of their judicial character.

But a complete answer to plaintiff's assault on the validity of the act lies in the fact that plaintiff has accepted its provisions and has had the benefit of them. By accepting its benefits it is estopped to deny its validity. *People, ex rel. Ostapow,* v. *Casualty Co.,* 222 Mich. 296, and authorities there cited. In the recent case of *Booth Fisheries Co.* v. *Industrial Commission,* 271 U. S. 208 (46 Sup. Ct. 491), it was said by Chief Justice Taft, speaking for the court:

"It is argued that the employer in a suit for compensation under the act is entitled under the Fourteenth Amendment to his day in court, and that he does not secure it unless he may submit to a court the question of the preponderance of the evidence on the issues raised.

"A complete answer to this claim is found in the elective or voluntary character of the Wisconsin compensation act. * * * If the employer elects not to accept the provisions of the compensation act, he is

not bound to respond in a proceeding before the industrial commission under the act, but may await a suit for damages for injuries or wrongful death by the person claiming recovery therefor, and make his defense at law before a court in which the issues of fact and law are to be tried by jury.    In view of such an opportunity for choice, the employer who elects to accept the law may not complain that, in the plan for assessing the employer's compensation for injury sustained, there is no particular form of judicial review.    This is clearly settled by the decision of this court in *Hawkins* v. *Bleakly*, 243 U. S. 210, 216 (37 Sup. Ct. 255, Ann. Cas. 1917D, 637).

"More than this, the employer in this case having elected to accept the provisions of the law, and such benefits and immunities as it gives, may not escape its burdens by asserting that it is unconstitutional. The election is a waiver and estops such complaint. *Daniels* v. *Tearney*, 102 U. S. 415; *Grand Rapids, etc., R. Co.* v. *Osborn*, 193 U. S. 17 (24 Sup. Ct. 310)."

Plaintiff accepted the provisions of the act.    We attach no importance to the fact that the commission in preparing the blank provided for a statement of the number of employees and their place and character of employment.    Under the provisions of the act as amended by Act No. 64, Pub. Acts 1919, pt. 1, § 6 (Comp. Laws Supp. 1922, § 5428), the acceptance included all employees in all its business, and such is the language of the acceptance.

The decree dismissing plaintiff's bill will be affirmed, with costs.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.