OLIVER IRON MINING CO. *v.* PNEFF.

1. Judgment—Fraud—Injunction—Equity.
    Fraud practiced in very matter of obtaining judgment is regarded as perpetrated upon court as well as upon injured party, and will warrant court of equity in enjoining judgment.

2. Same—Master and Servant—Workmen's Compensation Act.
    It was fraud and imposition on court for employee, who had been awarded compensation for total disability, to take judgment against his employer under 2 Comp. Laws 1929, § 8452, for period of 13 months when he worked and suffered no disability.

3. Estoppel—Master and Servant—Fraudulent Judgment—Injunction—Waiver.
    Since law affords employer no opportunity to be heard in circuit court upon filing of certificate of award by employee and entry of judgment under 2 Comp. Laws 1929, § 8452, doctrines of waiver and estoppel have no application in suit by employer to enjoin levy under execution on ground that judgment was secured by fraud.

4. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PROPER PROCEDURE WHEN INJURED EMPLOYEE RETURNS TO WORK.

When employee, who had been awarded compensation for total disability, went back to work, employer should have asked department of labor and industry to stop compensation, but failure to do so offers no excuse to employee to perpetrate fraud and imposition on court by taking judgment under 2 Comp. Laws 1929, § 8452, for period of 13 months when he worked and suffered no disability.

5. APPEAL AND ERROR—JUDGMENT AFFIRMED CONDITIONALLY.

Judgment taken by employee against employer under 2 Comp. Laws 1929, § 8452, which fraudulently included compensation for period of 13 months when employee worked, is allowed to stand, on appeal, on condition that he remit excess amount.

POTTER and FEAD, JJ., dissenting.

Appeal from Gogebic; Driscoll (George O.), J. Submitted October 20, 1932. (Docket No. 165, Calendar No. 36,671.) Decided March 2, 1933.

Bill by Oliver Iron Mining Company, a Minnesota corporation, against William Pneff and another to enjoin levy under an execution. Bill dismissed. Plaintiff appeals. Affirmed conditionally.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr.,* for plaintiff.

*Frank E. Hook* and *Alvin L. Rummel,* for defendants.

POTTER, J. (*dissenting*). Plaintiff alleges defendant Pneff was its employee, was a contract miner, and was injured in the course of his employment. Both plaintiff and defendant Pneff were subject to the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*). After defendant Pneff's injury, an agreement was entered into whereby he was to receive $18 a week during the period of total dis-

ability. On October 15, 1930, it was reported to plaintiff, by the attending physician of defendant Pneff, that he was able to resume his former employment. He returned to work and continued to work until 1931, during which time plaintiff paid him $885.04. Defendant Pneff did not sign a settlement receipt and no steps were taken by plaintiff to stop compensation. Pneff subsequently obtained from the department of labor and industry a certified copy of its approval of the settlement made with defendant and recovered judgment in the circuit court for Gogebic county against plaintiff for $1,182. No credit was given for the amount which had been paid defendant for wages. After the recovery of this judgment execution was issued, whereupon plaintiff filed the bill in this case asking the levy under the execution be enjoined and the case be remanded to the department of labor and industry for further consideration. From a decree for defendants plaintiff appeals.

"Claimant is entitled to receive, and his employer is obligated to pay, no more and no less than the statute compensation. We are not called upon to decide whether an agreed but a too large or a too small compensation having been paid by agreement and the period of payment having ended and all payments having been made, by commutation or otherwise, either party may have recourse against the other by action of the industrial accident board or otherwise. But so long as the matter is depending before the board we are of opinion that in the due administration of the law it has power to so limit payments, by its orders, that the statute sum, no more, no less, shall be paid and received, and to make such an order as was made in this proceeding to bring about, so far as possible, such desired and lawful result." *Kirchner* v. *Michigan Sugar Co.,* 206 Mich. 459, 465.

The department of labor and industry has no power to grant a rehearing. *Martilla* v. *Quincy Mining Co.*, 221 Mich. 525 (30 A. L. R. 1249); *Luyk* v. *Hertel*, 242 Mich. 445; *Panozzo* v. *Ford Motor Co.*, 255 Mich. 149. The doctrine of *res judicata* is applicable to awards made by the department of labor and industry. *American Life Ins. Co.* v. *Balmer*, 238 Mich. 580. A court of equity may relieve against an award upon the ground of fraud. *Smith* v. *Port Huron Gas & Electric Co.*, 217 Mich. 519 (21 N. C. C. A. 401); *American Life Ins. Co.* v. *Balmer, supra; Panozzo* v. *Ford Motor Co., supra.*

"It is best, as a matter of public policy, that a judgment obtained in a court of law should stand, unless it is manifestly against conscience." *The Cleveland Iron Mining Co.* v. *Husby* (syllabus), 72 Mich. 61.

"Equity will not relieve a party against a judgment at law on the ground of its being contrary to justice, unless the defendant was ignorant of his defense pending the suit, or facts could not be received as a defense at law, or unless, without any neglect or default on his part, he was prevented by fraud or accident, or the act of the opposite party, from availing himself of his defense." *Gray* v. *Barton*, 62 Mich. 186, 196.

"The fraud which warrants equity in interfering with such a solemn thing as a judgment must be fraud in obtaining the judgment, and must be such as prevents the losing party from having an adversary trial of the issue." 5 Pomeroy, Equity Jurisprudence (4th Ed.), § 2077.

See, also, *Columbia Casualty Co.* v. *Klettke*, 259 Mich. 564.

The limitation in the statute to instances of fraud is plain. *Luyk* v. *Hertel, supra.* "Relief will in no case be granted where the loss of the remedy at law

was due to the party's own negligence or fault or that of his counsel." 34 C. J. p. 538.

This suit is a direct attack upon Pneff's judgment. In order to render a valid judgment the circuit court of Gogebic county must have had jurisdiction. Without jurisdiction, any judgment rendered was void. The circuit court exercises judicial power. No other power is, or may be, under the Constitution of this State, reposed in it. 2 Comp. Laws 1929, § 8452, provides the court "shall, without notice, render a judgment." Defendant recovered the judgment in question in accordance with the statute. No one may invoke the exercise of judicial power by a court except in accordance with the Constitution, which prescribes the fundamental procedural rule of due process of law, which makes notice and opportunity to be heard before judgment a prerequisite of judicial determination. No one is entitled to a judgment in a court of law without notice or summons, by which he is tendered his day in court with the right to frame an issue and be heard before judgment. *Rouse, Hazard & Co.* v. *Wayne Circuit Judge,* 104 Mich. 234 (27 L. R. A. 577, 53 Am. St. Rep. 457).

"Courts cannot function without the use of process. Unless waived by a general appearance or otherwise, and such waiver is permissible, process is necessary in order to acquire jurisdiction, proceed against a person named as a party defendant, call upon defendant to answer, warrant an adjudication by the court of the property rights of persons interested in the subject-matter of the controversy, authorize an order in summary proceedings *in personam* against a third person not a party to the suit, and to render a judgment valid and conclusive." 50 C. J. p. 446.

Though the statute provides for judgment without notice, the constitutional mandate of due process

of law establishes the rule there can be no judgment without notice. We do not hold 2 Comp. Laws 1929, § 8452, unconstitutional, but it must be construed and administered in recognition of the constitutional prerequisite of due process of law. The judgment involved was rendered without notice. The court was without jurisdiction. It may be set aside upon condition defendant enter its appearance in such cause.

"A court may of its own motion, even though the question is not raised by the pleadings or is not suggested by counsel, recognize the want of jurisdiction, and it is its duty to act accordingly." 15 C. J. p. 852.

See, also, *Allen* v. *Carpenter,* 15 Mich. 25; *Kirkwood* v. *Hoxie,* 95 Mich. 62 (35 Am. St. Rep. 549); *Hull* v. *Hull,* 149 Mich. 500; *Maslen* v. *Anderson,* 163 Mich. 477; *People* v. *Meloche,* 186 Mich. 536; *Carpenter* v. *Dennison,* 208 Mich. 441; *Attorney General, ex rel. Wolverine Fish Co.,* v. *Booth & Co.,* 143 Mich. 89; *Tromble* v. *Hoffman,* 130 Mich. 676; *Horton* v. *Howard,* 79 Mich. 642 (19 Am. St. Rep. 198); *Adams* v. *Hubbard,* 30 Mich. 104; *Attorney General, ex rel. Lockwood,* v. *Moliter,* 26 Mich. 444; *Farrand* v. *Bentley,* 6 Mich. 281; 17 Am. & Eng. Enc. Law (2d Ed.), p. 1060; *Mansfield, etc., R. Co.* v. *Swan,* 111 U. S. 379 (4 Sup. Ct. 510); *Morris* v. *Gilmer,* 129 U. S. 315 (9 Sup. Ct. 289).

Decree should be reversed, without costs. Decree should be entered for plaintiff.

FEAD, J., concurred with POTTER, J.

WIEST, J. I cannot concur in the opinion of Mr. Justice POTTER.

The award was for and during total disability. Defendant Pneff was not totally disabled during

the 13 months he worked for plaintiff and received $885.04 for his services. This, of course, he knew, and it was a fraud on his part and an imposition on the court to take judgment on the certificate for total disability during the 13 months he worked and suffered no such disability.

"Fraud practiced in the very matter of obtaining the judgment is regarded as perpetrated upon the court, as well as upon the injured party, and will warrant a court of equity in enjoining the judgment. This may, for example, consist in deceit and imposition practiced upon the court as a means of obtaining a judgment which otherwise would not be rendered." 34 C. J. p. 473.

The law affords the employer no opportunity to be heard in the circuit court upon filing the certificate and entry of judgment, and, therefore, the doctrines of waiver and estoppel have no application. Equity will not countenance the fraud and imposition here practiced by defendant Pneff, nor will it subject industry to such an arrant mulct.

It is true that when the employee went back to work the employer should have asked the department of labor and industry to stop compensation, but the failure to do so offers no excuse to the employee to perpetrate fraud and imposition.

If defendant Pneff, within 10 days, files a remittitur of $885.04 in the circuit court and has the sum certified to the sheriff in reduction of the amount of the execution, then the judgment and execution for the remaining amount may stand, otherwise the execution will stand recalled and the judgment permanently stayed.

Plaintiff herein will recover costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, and BUTZEL, JJ., concurred with WIEST, J.