CURRIER LUMBER COMPANY, *for use and benefit of* FIDELITY & CASUALTY COMPANY OF NEW YORK, *v.* VAN EVERY.

1. WORKMEN'S COMPENSATION—RECOVERY OF INDEMNITY FROM IMMEDIATE EMPLOYER—RELATION OF EMPLOYMENT—PARTNERSHIP—EVIDENCE.

In action to recover, as indemnity, amount paid by plaintiff as workmen's compensation for injury suffered by person immediately employed by defendant on work done for plaintiff, finding that injured was an employee, and not a partner, of defendant *held,* supported by record (2 Comp. Laws 1929, § 8416).

2. SAME—INDEMNITY—APPEARANCE BEFORE DEPARTMENT OF LABOR AND INDUSTRY—DUE PROCESS.

Fact that immediate employer who had not become subject to workmen's compensation act was not given notice and had no opportunity to defend his liability as indemnitor before the department of labor and industry did not deprive such indemnitor of his day in court before his rights were adjudicated, nor does lack of opportunity to appear before the department render the indemnity provision unconstitutional as a denial of due process (2 Comp. Laws 1929, § 8416).

3. INDEMNITY—NEW TRIAL—DUE PROCESS.

An indemnitor who has had his day in court in action by indemnitee is not entitled to a new trial merely because of failure to contest liability as an indemnitor on the grounds available to him.

4. WORKMEN'S COMPENSATION—INDEMNITY—SUBROGATION—PARTIES.

Provision of workmen's compensation act entitling a principal whose position becomes that of an indemnitee by reason of having paid compensation to an injured employee of a subcontractor who was not subject to the act to recovery from such other person for the amount paid has the same objective as the subrogation provision of that act permitting recovery from some person other than the employer who was under

Right to indemnity in general, see Restatement, Restitution, § 76 *et seq.*

legal liability to the injured employee in that each provision entitles the person paying the compensation to recover from a third person who was not a party in proceedings before the department (2 Comp. Laws 1929, §§ 8416, 8454).

5. SAME—INDEMNITY—AWARD BY DEPARTMENT OF LABOR AND INDUSTRY—FINAL ADJUDICATION.

An indemnitor or a third party has his day in court in a judicial proceeding wherein the one who has paid the workmen's compensation must bring an action against the third party or the indemnitor to determine his liability, the award of compensation by the department of labor and industry not being a final adjudication of such liability (2 Comp. Laws 1929, §§ 8416, 8454).

6. SAME—INDEMNITY—DUE PROCESS.

An indemnitor of one who has been required to pay workmen's compensation to an injured employee of the indemnitor is not deprived of his property without due process of law where the indemnitor himself has his day in court when his liability as indemnitor is determined (2 Comp. Laws 1929, § 8416).

7. SAME—INDEMNITY—IMPLIED PROMISE.

The statutory liability imposed upon a subcontractor not subject to the workmen's compensation act to whose injured employee workmen's compensation has been paid by principal arises independently of the subcontractor's negligence and in effect creates an implied promise that the contractor will indemnify the principal for sums the latter has paid under the act (2 Comp. Laws 1929, § 8416).

8. SAME—INDEMNITY—RECOVERY IN ASSUMPSIT.

An action of assumpsit is a proper form of action for a principal to recover from his subcontractor the amount of workmen's compensation he has been required to pay the injured employee of the subcontractor not subject to the workmen's compensation act since the statute in effect creates an implied promise on the part of the subcontractor to indemnify his principal (2 Comp. Laws 1929, § 8416).

9. SAME—INDEMNITY—DEFENSES AVAILABLE IN PRINCIPAL'S ACTION AGAINST SUBCONTRACTOR.

There is no injustice in providing a remedy in court whereby principal who pays workmen's compensation may seek recovery for sums paid against subcontractor who is not subject to the act but who is actually the real party in interest and is the one on whom the ultimate liability should rest but in

such action all defenses available to the principal before the department of labor and industry and which would have been available to the subcontractor had he been a party to the compensation proceeding may be advanced by the subcontractor to defeat the principal's recovery of indemnity (2 Comp. Laws 1929, § 8416).

10. SAME—SUBROGATION—DEFENSES AVAILABLE.

Under the third-party subrogation provision of the workmen's compensation act, recovery may be had against a third-party wrongdoer for the amount of compensation paid and the defendant may interpose any defense which would have been available had action been originally brought against him, including contributory negligence of the employee (2 Comp. Laws 1929, § 8454).

11. SAME—INDEMNITY—FORMAL ELECTION TO BECOME SUBJECT TO ACT—CONTRACTS.

Subcontractor who voluntarily accepted contract to perform work under circumstances which subjected him to liability to indemnify principal for sums latter paid out in workmen's compensation for injuries to or death of former's employees *held*, subject thereto, notwithstanding such subcontractor had made no formal election to become subject to act (2 Comp. Laws 1929, §§ 8412, 8416).

12. SAME—INDEMNITY—SUBROGATION—BASES OF LIABILITY.

Liability of a subcontractor, who has not formally elected to become subject to the workmen's compensation act, to indemnify the principal, under the indemnification provision rests primarily on contract as the subcontractor has contracted to do the work of the principal whereas the liability of a third party under the subrogation provision is not based on a claim of contractual relationship (2 Comp. Laws 1929, §§ 8416, 8454).

13. SAME—INDEMNITY—AMOUNT FIXED BY DEPARTMENT OF LABOR AND INDUSTRY—PRIMA FACIE EVIDENCE.

While the amount of workmen's compensation as fixed by the department of labor and industry as payable to an injured employee is not *res judicata* as to the amount of liability of a subcontractor not formally subject to the act to his principal who is subject to the act, it is *prima facie* evidence of the principal's damages, but the subcontractor in action brought against him to recover such sum may interpose defense that claimed indemnity is excessive or of a complete want of liability therefor (2 Comp. Laws 1929, § 8416).

14. SAME—SUBROGATION—RECOVERY LIMITED TO COMPENSATION PAID.
    In action against third party under subrogation provision of
    workmen's compensation act the plaintiff may enforce lia-
    bility against the third party only to the extent of compensa-
    tion paid and no further (2 Comp. Laws 1929, § 8454).

15. SAME—SUBCONTRACTOR—PARTIES—INJURED  EMPLOYEE'S  PRO-
    CEEDING AGAINST PRINCIPAL.
    Subcontractor who had not become subject to the workmen's
    compensation act and whose employee was injured was neither
    a proper nor a necessary party in the proceedings before the
    department of labor and industry in the employee's proceed-
    ing against the principal who was subject to the act (2 Comp.
    Laws 1929, § 8416).

16. NEW  TRIAL—INDEMNITY—WORKMEN'S  COMPENSATION—CONTRO-
    VERTED ISSUES.
    A new trial is not granted in principal contractor's action against
    subcontractor to recover amount of workmen's compensation
    paid by former on behalf of latter who was not subject to the
    workmen's compensation act where the only two controverted
    claims that the injured person was a partner rather than an
    employee and that it was necessary to give defendant herein
    notice of the proceedings before the department of labor and
    industry were without merit (2 Comp. Laws 1929, § 8416).

    REID, J., dissenting in part.

Appeal from Oakland; Hartrick (George B.), J.
Submitted April 5, 1945. (Docket No. 46, Calendar
No. 43,006.)    Decided October 8, 1945.

Assumpsit by Currier Lumber Company, a Mich-
igan corporation, for use and benefit of Fidelity &
Casualty Company of New York, against Malcolm
Van Every to recover amount of compensation paid
defendant's employee. Judgment for plaintiff. De-
fendant appeals. Affirmed.

*Burke & Birge,* for plaintiff.

*Schulte & Paré,* for defendant.

REID, J. (*dissenting*). This is an action brought by plaintiff appellee pursuant to 2 Comp. Laws 1929, § 8416 (Stat. Ann. § 17.150), against defendant contractor, immediate employer, to recover, as indemnity, moneys paid for redemption of liability under an award by the department of labor and industry. From judgment for plaintiff, defendant appeals. The case was tried before the circuit judge without a jury.

Plaintiff Currier Lumber Company made an arrangement with defendant Van Every to haul cement blocks. Van Every procured Pepple to drive one of Van Every's trucks for a compensation of half the gross receipts. Plaintiff claims Pepple was an employee of Van Every, who claims Pepple was his partner. Pepple claimed that he received a compensable injury on August 9, 1939, and filed a claim with the department of labor and industry for compensation, on which an award was made November 2, 1939, in pursuance of which award the plaintiff paid Pepple weekly compensation to and including April 14, 1942, a total of 140 weeks at $18 a week, aggregating the sum of $2,520, and medical expenses in the sum of $195.73. On April 6, 1942, while the award was in full force and effect as between Pepple and plaintiff, they entered into an agreement filed with the department of labor and industry which on May 8, 1942, ordered a lump sum payment in redemption of remaining liability in the sum of $1,766, so that the plaintiff paid the total sum of $4,481.73, and instituted this action for indemnity against the defendant.

The plaintiff had elected to come under the workmen's compensation act but defendant Van Every had not so elected. Defendant claims that he and Pepple were partners, though Van Every never filed

any certificate of partnership and on August 31, 1939, signed a statement prepared by a representative of the Fidelity & Casualty Company of New York, for the benefit of which company this suit is brought, which statement contains matter tending to support plaintiff's claim that no such partnership existed.

The circuit judge after reviewing the testimony concerning the relationship between Pepple and Van Every found that there was no intention to form a partnership between them and emphasized the fact that the repairs to the truck and insurance premiums were paid by Van Every, in which losses Pepple did not share. The circuit judge also found that the method employed simply determined Pepple's compensation for driving the truck. For the proposition that persons can participate in the profits of a joint venture or contract without becoming partners, the circuit judge in his finding cites *Winters* v. *Miller,* 227 Mich. 602, and further cites *Lobato* v. *Paulino,* 304 Mich. 668, for the proposition that sharing of gross receipts does not of itself establish a partnership. There is competent testimony to support the finding by the trial judge that no partnership existed. Such finding is not against the preponderance of evidence. On a new trial, it shall be considered as an adjudicated fact that no such partnership existed.

Defendant claims that in order to establish liability against him he should have received notice of the proceedings before the department of labor and industry and that he should not be bound by the action of the department of labor and industry in adjudicating the validity of Pepple's claim in the absence of notice to him, Van Every. It is further defendant's claim that the statute requires such notice to be given him, but that if the statute shall

be construed not to require such notice, that part of the statute requiring indemnity should be held unconstitutional by reason thereof.

The trial court in his opinion said, "It is also pointed out that Van Every did not elect to come under the statute. He is not in a position to claim any of its benefits." Judgment for plaintiff was entered in circuit court on May 29, 1944, on the assumption that the award by the department was binding on Van Every.

The motion for a new trial was overruled.

Defendant did not raise the question of unconstitutionality before the trial court nor claim error upon the ground of failure of the trial court to hold unconstitutional 2 Comp. Laws 1929, § 8416 (Stat. Ann. § 17.150), and plaintiff claims that for that reason the question of the alleged unconstitutionality of that act is not properly before this court for review. However, defendant Van Every did claim before the trial court that he was entitled to notice under Const. 1908, art. 2, § 16, and claimed that for want of notice plaintiff's action must fail.

Defendant's right to notice of any proceeding before he could be bound by the result does not depend upon any statute; it is guaranteed to him by the State Constitution. "Every man is entitled to his day in court before his rights can be finally disposed of, and even the legislature could not deprive him of the right." Chief Justice COOLEY in *Ehlers* v. *Stoeckle*, 37 Mich. 261, 263. Many decisions of this Court can be cited to like effect.

"The due process of law required by the Constitution means that notice or summons by which a party is tendered his day in court, with the right to frame an issue and be heard before a judgment can be rendered or execution issued which shall take away his liberty or property." *Rouse, Hazard &*

*Co.* v. *Wayne Circuit Judge,* 104 Mich. 234, 239 (27 L. R. A. 577, 53 Am. St. Rep. 457).

We do not find the act in question nor any part thereof unconstitutional for any ground set forth in the record.

We are not required to decide in the instant case what effect the giving of notice would have for the reason that no testimony was offered or claim advanced by plaintiff that notice had been given.

We have in mind the case of *Grand Rapids Lumber Co.* v. *Blair,* 190 Mich. 518, in which we say, at p. 526:

"This case involves a relation of indemnitee and indemnitor, in which a liability over is placed upon the original tort-feasor whose negligence caused the injury, a relation which may be created by contract or legislation for protection of the party who, though not actively guilty of the tort, may, by law, be liable therefor to the injured party. In such cases the weight of authority indicates that a former judgment against the indemnitee, in which notice of the litigation is not given to the party who may be liable over, is adequate to create a right of action against the latter, and admissible as *prima facie* proof of his liability, though the omission to give notice gives him the right to make any defense which he could have made in the former action, with the burden of proof shifted to him."

See, also, page 528 of the same opinion.

The instant case involves the liability of a contractor who is made an indemnitor by the statute in question. Van Every is liable as indemnitor under the statute though he did not come under it. His contractual relation with plaintiff, who is under the statute, is sufficient to hold him as indemnitor though Van Every himself might not be liable to Pepple.

The trial court entered a judgment for the full amount of plaintiff's claim. Proof of the proceedings before the department amounted at most to a *prima facie* showing of an injury to Pepple compensable by reason of the employment and amount of damages. Van Every is entitled to contest all phases of plaintiff's claim not conceded by defendant.

Concession was made by defendant on the trial that the amount claimed by plaintiff was paid by plaintiff to Pepple in pursuance of an award by the department, whereupon the following occurred:

"*The Court:* It is also understood that there would be a liability if this man was working for Van Every, but the difficulty is that he was a partner. Is that right?

"*Mr. Schulte:* That is right.

"*Mr. Birge:* I think that is the plaintiff's case then.

"*The Court:* Then it would be up to him to show that there was a partnership relation.

"*Mr. Birge:* All right. We rest then, your honor."

Testimony was then offered on the question of the relationship between Van Every and Pepple, whether of partnership or of employment.

Defendant did not rest his case nor state that he had no other defenses. The trial court filed an opinion finding Pepple an employee and not a partner of Van Every, that Van Every was not entitled to notice of the proceeding before the department, and gave judgment for the full amount paid by plaintiff to Pepple. However, defendant had by his answer denied the allegation as to an actual injury to Pepple in his employment and had not conceded that he was liable to the full amount paid Pepple by plaintiff. In his answer he denied that

plaintiff was entitled to be indemnified in the amount paid by plaintiff, $4,481.73. In his grounds for appeal, defendant claimed the trial court was in error in denying the motion for a new trial.

The trial court seems to have assumed that the award of the department was conclusively binding on defendant as to the actuality of the injury to Pepple in the employment by plaintiff and extent of his injuries. Concession by defendant of the making of the award and of the payment under the award did not waive proof of the actuality of the injury in the course of the employment nor of extent of injury.

Defendant was without his day in court as to his defenses. He did state the defense of nonemployment but the record contains no waiver on his part of his other defenses and he did not rest his case. Defendant claims the trial court should have granted a new trial so that he could present completely his defenses and complains that the only matter he was permitted to go into was the matter of partnership.

The judgment appealed from should be reversed and a new trial ordered in accordance with this opinion. Costs to defendant.

BOYLES, J. I agree with Mr. Justice REID that Pepple was an employee of Van Every and not his partner. However, I do not agree that the defendant is entitled to a new trial on the grounds urged for reversal, nor do I agree that we are not required to decide in this case what effect the failure to give notice to Van Every has in the instant case. It is conceded Van Every had no notice of the proceedings in the department of labor and industry, and that he was not a party in such proceedings. In the instant case the appellant seeks reversal on the ground that notice to him of the proceedings for

compensation was necessary in order to create any liability against him as indemnitor under the statute; and further claims that if he was not entitled to such notice and an opportunity to appear before the department the indemnity statute is unconstitutional.

The fact that Van Every was not given notice and an opportunity to defend his liability as indemnitor before the department of labor and industry did not deprive Van Every of his day in court, before his rights were adjudicated. He has not been deprived of his property, nor his day in court, without due process of law, and under a proper construction of the act the fact that he was not given a day in court before the department does not render the indemnity provision unconstitutional on that ground. He has had his day in court in the case before us, and his failure to contest his liability as an indemnitor on the grounds available to him is no basis for granting him a new trial.

Plaintiff herein, having paid compensation to Pepple, brought the instant suit against Van Every to recover the amount paid, by virtue of 2 Comp. Laws 1929, § 8416 (Stat. Ann. § 17.150). This section of the workmen's compensation law provides that where any employer who is subject to the provisions of the act (plaintiff herein) contracts with any other person who is not subject to the act (Van Every) to execute work undertaken by the principal, the principal (plaintiff herein) shall be liable for compensation to any workman employed by the contractor in the execution of the work the same as though the workman had been immediately employed by the principal. Subdivision (b) of this section then provides:

"Where the principal is liable to pay compensation under this section, he shall be entitled to be

indemnified by the contractor or subcontractor as the case may be, but the employee shall not be entitled to recover at common law against the contractor or any other person for any damages arising from such injury if he takes compensation from such principal. The principal, in case he pays compensation to the employee of such contractor, may recover the amount so paid in an action against such contractor."

Fundamentally, this provision of the workmen's compensation act has in the main the same objective sought by 2 Comp. Laws 1929, § 8454 (Stat. Ann. § 17.189), another section of the workmen's compensation act, which provides that where a compensable injury is caused under circumstances creating a legal liability in some person other than the employer, and the employer pays compensation under the act, he may enforce the liability of such other person. The objective sought by both of these provisions is to afford a right in court to seek recovery by one who pays compensation under the act, from another, a third person who was not a party in the proceedings before the department. While there are essential differences between the form of action and the defenses under each of these two provisions of the act, both of them afford a day in court for one against whom ultimate liability is claimed. An indemnitor or a third party has his day in court in a judicial proceeding wherein the one who has paid the compensation must bring an action against the third party or against the indemnitor to determine his liability. The award of compensation by the department is not a final adjudication of that liability. For that reason it cannot be said that Van Every is being deprived of his property without due process of law in the case now before us.

This court has passed upon both of these provisions of the act. In *Michigan Boiler & Sheet Iron Works, for use and benefit of American Mutual Liability Co., v. Dressler,* 286 Mich. 502, the court held that the principal who had paid funeral expenses pursuant to an award of the department of labor and industry could recover in *assumpsit* against the contractor under the *indemnification* provision of 2 Comp. Laws 1929, § 8416 (Stat. Ann. § 17.150). In that case the defendant contended that this (the indemnification) provision of the act contemplated a tort action, not an action in assumpsit. The court pointed out the difference between an action under the indemnification provision and one under the third party (subrogation) provision, *supra,* in the following language (pp. 511, 512):

"Defendant's third point concerns the form of action. He contends that a tort action is contemplated, not an action in assumpsit, and that he stands in the same position as a negligent third party whose negligence is responsible for an injury to an employee for which an employer must pay compensation. Section 8454, 2 Comp. Laws 1929 (Stat. Ann. § 17.189), provides that the employer may be subrogated to the rights of the injured employee against the negligent third party if the employee elects to take compensation from his employer. The situations are not parallel, however, as defendant, as the employer, cannot be considered as a third party as to his employee within the meaning of said section 8454. See *Bross* v. *City of Detroit,* 262 Mich. 447. Moreover, defendant's liability under section 8416 arises independently of any negligent act performed by him. The liability is created by statute, the result of which in effect creates an implied promise that the contractor, who is not subject to the provisions of the compensation act, will indemnify the principal for sums paid by

the latter in compliance with subdivision (a) of said section 8416. Although subdivision (b) of the section does not state the specific form of action which shall be instituted by the principal against the contractor, we hold assumpsit to be the proper form.''

In this case the defendant, Van Every, accepted a contract to perform work for plaintiff herein and thereby he became subjected to an action by plaintiff to recover such sums of money as plaintiff was compelled to pay for compensable injuries to workmen under the direct employ of the defendant. Both the indemnification and the third-party subrogation provisions of the statute herein discussed give rise to such a right of action by one who is compelled to pay compensation. There is no injustice in providing a remedy in court whereby one who pays compensation may seek recovery against one who is actually the real party in interest, the one on whom the ultimate liability should rest. Constitutional requirements relied on by appellant herein for reversal are met when he is allowed his day in court to contest his liability and defend himself against plaintiff's claim for indemnification. In such an action all defenses which were available to plaintiff before the department and which would have been available to Van Every on plaintiff's behalf had Van Every been a party in the compensation proceeding may be advanced by Van Every to defeat recovery against him.

Under the third-party subrogation provision (2 Comp. Laws 1929, § 8454 [Stat. Ann. § 17.189]), recovery may be had against a third-party wrongdoer for the amount of compensation paid (*City of Grand Rapids* v. *Crocker*, 219 Mich. 178; *Overbeek* v. *Nex*, 261 Mich. 156), and the defendant may interpose any defense which would have been available had suit been originally brought against him, including

contributory negligence of the employee. *Postal Telegraph Cable Co.* v. *Carpenter,* 258 Mich. 370; *Overbeek* v. *Nex, supra.* The distinction between suits bottomed on the third-party section of the act and the indemnification provision applying to principals and contractors is pointed out in *Michigan Boiler & Sheet Iron Works, for use and benefit of American Mutual Liability Co.,* v. *Dressler, supra,* as follows (pp. 512, 513):

"Defendant submits that if plaintiff can maintain this action (for indemnification), the effect thereof is to subject him to the provisions of the act although he has made no election to be liable thereunder. Assuming defendant's claims in this particular to be true, no provision of constitutional or other law has been brought to our attention which is claimed to be violated. In any event, defendant's argument is fallacious in that it assumes that a compulsory liability is imposed upon him. It is true that he has made no formal election to become generally subject to the act in the manner provided by 2 Comp. Laws 1929, § 8412 (Stat. Ann. § 17.146). He did, nevertheless, accept a contract to perform work under circumstances creating his liability under one section of the statute. His acceptance of the contract was voluntary, not compulsory, and was accompanied by the burden imposed by the section of the act in question, which was likewise voluntarily assumed as an incident to entering into this particular contractual relation."

That there may be no misunderstanding, we concede that there are, essential differences between suits under the two statutory provisions herein discussed. Liability of a subcontractor to indemnify the principal, under the indemnification provision, rests primarily on contract, the contractor having contracted to do the work of the principal. Liability of a third party, under the subrogation pro-

vision in the act, is not based on a claim of contractual relationship. As we have held, the suit to fasten liability on the contractor for indemnity may be in assumpsit to recover the amount paid. However, the *amount* fixed by the department is not *res judicata* as to the amount of liability of the contractor; nor is his liability itself finally adjudicated by the department. He may claim as a defense in the suit against him for the indemnity that the amount is excessive; he may claim a complete want of liability on any of the grounds that might have been interposed by the principal in the proceeding before the department. Thus having his day in court, the fact that he was not a party or given notice of the proceedings in the department is not a bar to the suit in court. However, the *amount* of compensation paid by plaintiff herein under the workmen's compensation act is *prima facie* evidence of plaintiff's damages, subject to the right of defendant to meet it by any competent evidence (*Grand Rapids Lumber Co.* v. *Blair,* 190 Mich. 518; *City of Grand Rapids* v. *Crocker, supra*), and the plaintiff may enforce liability against the third party only to the extent that he has paid compensation and no further. *Albert A. Albrecht Co.* v. *Whitehead & Kales Iron Works,* 200 Mich. 109.

This case was heard by the circuit judge without a jury, the amount of compensation paid by plaintiff was not in dispute, and judgment was entered for plaintiff for the amount of the claim. The only two issues raised for reversal are that Pepple was a partner, not an employee of Van Every; and that Van Every is not liable because he was not given notice and an opportunity for defense before the department of labor and industry. Neither position is sound.

Mr. Justice Reid writes that the defendant has not had his day in court and that he should be

granted a new trial for that reason. The defendant now complains on only one ground of being deprived of an opportunity to present his case, namely, that he did not have full opportunity to contest the question of lack of notice of the proceedings before the department of labor and industry. We quote from his brief:

"8.   The Court Should Have Granted the
Motion For New Trial

"Inasmuch as plaintiff took the position throughout the trial that no notice or notices of any kind were necessary to defendant, and the court sustained the position of the plaintiff the court should have granted defendant's motion for a new trial so that defendant would have had an opportunity to present completely his defenses on this question.

"In view of the rulings of the court and the position taken by the plaintiff about the only matter defendant was permitted to go into was the question of partnership.

"True, defendant was permitted to introduce some testimony showing that he received no notice of the proceedings before the department of labor, but under the contention of plaintiff, and the rulings of court, defendant was denied opportunity to fully try these matters.

"In his statement denying the motion for new trial the court ruled the question of notices immaterial, leaving only the question of partnership to be decided."

The circuit judge correctly held that as a matter of law the defendant was not entitled to notice of the proceedings before the department of labor and industry. The defendant had not elected to come under the provisions of the workmen's compensation law and was neither a proper nor a necessary party in the proceedings before the department. Furthermore, the defendant at the beginning of the trial stipulated orally in open court that the only

issue to be decided was, whether Van Every and Pepple were partners. We quote from the record:

"*Mr. Schulte* (attorney for defendant): If the court please, to make the matter short, our contention is, of course, that the defendant and Andrew Pepple, who was injured, were mutual partners on an understanding between them to engage in this trucking business for the delivery of cement blocks for the Currier Lumber Company, and if so, Van Every would not be responsible.

"*The Court:* Then so far as that is concerned, the amount and all, that can be stipulated. The only thing you want to try out, is the question of whether these men are partners?

"*Mr. Schulte:* We don't dispute the amount that was paid or that the award was made by the board.*

"*The Court:* I am asking the question.

"*Mr. Birge* (attorney for plaintiff): It is not admitted in the answer, your honor. I am prepared to prove it unless it is admitted on the record.

"*The Court:* It is a harmless question. We might as well have our only issue.

"*Mr. Schulte:* To that extent it will be admitted.

"*Mr. Birge:* May it be stipulated on the record that an award in form and substance as set forth in our declaration was entered?

"*Mr. Schulte:* Yes.

"*Mr. Birge:* And that subsequently a compromise was made under which final payment was made?

"*Mr. Schulte:* Yes.

"*Mr. Birge:* And pursuant to that award, there was paid to Mr. Pepple, by the Currier Lumber Company, the sum of $4,400 and some odd dollars?

"*Mr. Schulte:* Yes.

"*The Court: It is also understood that there would be a liability if this man was working for Van*

---

* The powers and duties of the industrial accident board, here referred to, were transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—REPORTER.

*Every, but the difficulty is that he was a partner.
Is that right?*

"*Mr. Schulte: That is right.*"

Thereupon the plaintiff rested and Mr. Van Every was then sworn and testified in his own behalf. During the course of his testimony the defendant was permitted by the court to testify that he had never received any notice of the proceedings before the department of labor and industry. This is admitted by the plaintiff. The issue of law as to the *necessity* for notice was squarely presented to the court at the conclusion of the defendant's case. We again quote from the record:

"*Mr. Birge* (attorney for plaintiff):   *   *   *   It is our contention no notice of any kind is necessary as a prerequisite to liability under the statute as we are proceeding under in this case.

"*The Court:* And you are claiming—

"*Mr. Schulte* (attorney for defendant): That it is an absolute necessity."

On that record the defendant rested his case. There is no merit in the present claim that the only matter the defendant was *permitted* to go into was the matter of partnership. Defendant's counsel in open court eliminated any other defense except as to whether Van Every and Pepple were partners, and the question of law in regard to the necessity for notice to the defendant of the proceedings in the department of labor and industry. There is no merit in either claim and there is no occasion to grant the defendant a new trial.

The judgment is affirmed, with costs to appellee.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred with BOYLES, J. The late Justice WIEST took no part in the decision of this case.